Richard D. McCune, State Bar No. 132124
rdm@mccunewright.com
David C. Wright, State Bar No. 177468
dcw@mccunewright.com
**MCCUNE WRIGHT AREVALO, LLP**
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

Joseph G. Sauder
JGS@mccunewright.com
Matthew D. Schelkopf*
MDS@mccunewright.com
Joseph B. Kenney
JBK@mccunewright.com
**MCCUNE WRIGHT AREVALO, LLP**
555 Lancaster Avenue
Berwyn, PA 19312
Telephone:  (610) 200-0339

* *Pro Hac Vice Application to be Submitted*

Attorneys for Plaintiff and the Putative Class

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPENCER PRICE, on behalf of himself and all others similarly situated, | Case No.:  2:16-cv-8849 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | 1.  Violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*); |
| ORBIT BABY, INC. and THE ERGO BABY CARRIER, INC. | 2.  Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200); |
| Defendants. | 3.  Violation of California False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*); |
| | 4.  Breach of Implied Warranty; |
| | 5.  Common Law Fraud; |
| | 6.  Breach of the Duty of Good Faith and Fair Dealing; |
| | 7.  Violation of the Song-Beverly Act – Breach of Implied Warranty (Cal. Civ. Code §§ 1792, 1791.1, *et seq.*) |
| | **DEMAND FOR JURY TRIAL** |

-1-

1

**PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND**

2

Plaintiff, Spencer Price, brings this action against Defendants Orbit Baby, Inc.,

3

("Orbit") and The Ergo Baby Carrier, Inc., ("Ergo" and together with Orbit,

4

"Defendants"), by and through his attorneys, individually and on behalf of all others

5

similarly situated, and alleges as follows:

6

**INTRODUCTION**

7

1.     This is a class action lawsuit brought by Plaintiff on behalf of himself and a

8

class of current and former owners and purchasers of the Orbit Baby Infant Essentials

9

G2 Car Seats (hereinafter, the "G2 Car Seat" or "Car Seat"), which were designed,

10

manufactured, marketed, and sold to consumers across the United States by Defendants.

11

2.     This action arises from Defendants' failure to disclose to Plaintiff and

12

similarly situated consumers, despite their knowledge, that the G2 Car Seats contain

13

material levels of a dangerous fire-retardant chemical known as TDCPP, or Chlorinated

14

Tris.[1]

15

3.     TDCPP is known to cause cancer and/or reproductive harms and is also

16

known to adversely and disproportionately affect children, whose bodies are still

17

developing and who are more susceptible to impairments to their nervous and endocrine

18

systems.[2]

19

20

[1] Upon information and belief, Chlorinated Tris or TDCPP has been in use since the

21

1960s, but its use has increased following the 2006 ban on the common flame retardant
PentaPBDE.  Chlorinated Tris was banned from use in children's pajamas in 1977 when

22

it was found to be mutagenic, but remains in use as a foam additive.  Flame retardants of

23

all types are frequently used in the United States, in part due to California's strict
flammability standard described in Technical Bulletin 117, which requires foam to

24

withstand direct flame for 12 seconds.  Recently, concerns have been raised about the

25

safety of chlorinated Tris due to its prevalence in furniture and especially in baby

26

products.  In 2011, California added TDCPP to the Proposition 65 list of suspected
carcinogens.

27

[2] A recently published study found that TDCPP was a neurotoxin to brain cells, and was

28

just as toxic and in some cases more toxic than the insecticide Chlorpyrifos.  In an

-2-

Class Action Complaint
Case No: 2:16-cv-8849

4.     Despite the foregoing, and wholly contrary to the true condition and characteristics of the G2 Car Seat, Defendants specifically advertised the G2 Car Seat as containing "below detection limits" of "dangerous flame-retardant chemicals."

5.     Notably, on November 28, 2014 and February 26, 2016, Defendants were served with two Proposition 65 violations by the State of California related to the presence of TDCPP within the G2 Car Seats.  Proposition 65 requires companies to disclose to customers "chemical[s] known to the state to cause cancer or reproductive toxicity . . . ."  Cal. Health & Safety Code § 25249.6

6.     Despite receipt of these violations, Defendants maintain that the G2 Car Seats do not contain TDCPP.

7.     The presence of TDCPP in the G2 Car Seats poses a serious safety risk to the infants and children for whom the Car Seats are intended.

8.     Defendants' failure to disclose – and decision to instead falsely deny – the presence of TDCPP in the G2 Car Seats constitutes unfair, deceptive, and/or fraudulent trade practices.

9.     As a result of Defendants' unfair, deceptive, and/or fraudulent business practices, consumers, including Plaintiff and Plaintiff's minor child, have suffered potential harm to their health, as well as an ascertainable loss of money and/or property and/or loss in value.

10.     The unfair and deceptive trade practices committed by Defendants were conducted in a manner giving rise to substantial aggravating circumstances.

11.     Had Plaintiff and other Class Members known of the presence of TDCPP within the G2 Car Seats at the time of purchase, they would not have bought the Car Seats, or would have paid substantially less for them.

12.     Accordingly, Plaintiff brings this action to redress Defendants' violations of California's consumer fraud statutes, and also seeks recovery for Defendants' breach of

---

assessment conducted by the Consumer Product and Safety Commission, chlorinated Tris poses a threat to human health.

-3-

Class Action Complaint
Case No: 2:16-cv-8849

implied warranty, breach of the duty of good faith and fair dealing, and common law fraud.

## JURISDICTION AND VENUE

13.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one class member and one defendant are citizens of different States.  This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

14.   This Court has personal jurisdiction over Defendants because they have conducted substantial business in this judicial district, and intentionally and purposefully placed the G2 Car Seats into the stream of commerce within the districts of California and throughout the United States.

15.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendants transact business in this district, are subject to personal jurisdiction in this district, and therefore are deemed to be citizens of this district.  Additionally, Defendants have advertised in this district and have received substantial revenue and profits from their sales of G2 Car Seats in this district; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district.

## PARTIES

A.   **Plaintiff Spencer Price**

16.   Plaintiff Spencer Price is a citizen of the State of California, and currently resides in Browns Valley, California.

17.   On or about May 4, 2014, Plaintiff purchased a G2 Car Seat from a retailer known as "The Baby's Den."

18.   At the time of purchase, Defendants advertised that the G2 Car Seat contained "below detection limits" of "dangerous flame-retardant chemicals."

Class Action Complaint
Case No: 2:16-cv-8849

19.   Contrary to this representation, the G2 Car Seat contained material levels of TDCPP, a known carcinogen.

20.   Plaintiff's minor child utilized the G2 Car Seat and was exposed to the TDCPP contained therein.

21.   Plaintiff immediately ceased using the G2 Car Seat for his minor child once he became aware that it contained TDCPP.

22.   In addition to the potential risk of harm to the health of Plaintiff's minor child, Plaintiff has suffered an ascertainable loss as a result of Defendants' omissions and/or misrepresentations associated with the presence of TDCPP within the G2 Car Seat, including but not limited to, diminished value of the Car Seat and other consequential damages.

23.   Neither Defendants, nor any of their agents, sellers or other representatives informed Plaintiff of the existence of the TDCPP prior to, or any time after, his purchase.

**B.   Defendant Orbit Baby, Inc.**

24.   Defendant Orbit designs, manufactures, markets, distributes, and/or sells a variety of products for use with infants and children, including car seats, strollers, travel systems, cradles, and accessories, among other things.

25.   Orbit is incorporated in Delaware and headquartered in California, with its principal place of business located at 8445 Central Avenue, Newark, California 94560.

26.   Orbit distributes its products through brick-and-mortar and online retailers, and engages in continuous and substantial business in California.

**C.   Defendant The Ergo Baby Carrier, Inc.**

27.   Defendant Ergo designs, manufactures, and sells baby carriers and related products for infants and toddlers.

28.   Ergo acquired Defendant Orbit as a subsidiary in 2011.

29.   Ergo is incorporated in Hawaii and maintains a principal place of business at 888 S. Figueroa Street, Suite 2050, Los Angeles, California 90017.

-5-

30.   Ergo distributes its products through brick-and-mortar and online retailers, and engages in continuous and substantial business in California.

## CALIFORNIA LAW APPLIES

31.   It is appropriate to apply California law to the nationwide claims because California's interest in this litigation exceeds that of any other state.

32.   As discussed above, both Defendants maintain principal places of business in California.

33.   The State of California also issued Proposition 65 violations to Defendants related to the presence of TDCPP in the G2 Car Seats.

34.   Accordingly, the policies, practices, acts, and omissions giving rise to this action were developed in, and emanated from, Defendants' locations in California, and the State of California has the most significant relationship to this litigation.  For this reason, California law should govern.

## TOLLING OF STATUTES OF LIMITATIONS

35.   Any applicable statute(s) of limitations have been tolled by Defendants' knowing and active concealment and denial of the facts alleged herein.  Plaintiff and the members of the Class could not have reasonably discovered the presence of TDCPP in the Car Seats until shortly before this class action litigation was commenced.

36.   In addition, even after receipt of the Proposition 65 violations, Defendants have continued to deny the presence of TDCPP within the Car Seats.

37.   Defendants were, and remain, under a continuing duty to disclose to Plaintiff and the Members of the Class the true character, quality, and nature of the G2 Car Seats, that the design and/or manufacturing resulted in the inclusion of TDCPP, a known carcinogen, within the Car Seats, and that the Car Seats pose safety concerns.

38.   As a result of the active concealment by Defendants, any and all applicable statutes of limitations otherwise applicable to the allegations herein have been tolled.

## FACTUAL ALLEGATIONS

39.   Defendant Orbit designs, manufactures, markets, and sells products to

-6-

consumers that are aimed at use by and for infants and children, such as car seats and strollers, among other things.

40.   Defendant Orbit distributed and sold the G2 Car Seat to consumers, and advertised that the Car Seats contained "below detection limits" of "dangerous flame-retardant chemicals."

41.   Contrary to Orbit's representations, testing revealed the G2 Car Seat contains material levels of a harmful chemical known as TDCPP.

42.   TDCPP is a flame retardant chemical and is added to consumer products to prevent fires from starting and to limit the spread of the fires. Recent studies have suggested that it is neurotoxic, an endocrine disruptor, and is a reproductive toxicant.

43.   Under California law, Proposition 65 requires companies to disclose to customers "chemical[s] known to the state cause cancer or reproductive toxicity . . . ." Cal. Health & Safety Code § 25249.6

44.   TDCPP is a chemical known to the State of California to cause cancer or reproductive toxicity.

45.   The State of California has issued two Proposition 65 violations to Orbit as a result of the presence of TDCPP within the G2 Car Seats.

46.   The second Notice of Violation stated: "The violations have been occurring since at least February 26, 2013, and are continuing to this day."

47.   Despite the foregoing, Orbit has not recalled the G2 Car Seats or warned consumers of any potential health risks associated with use of the Car Seats.

48.   As a result of the presence of TDCPP within the G2 Car Seats and Defendants' failure to disclose the same, Plaintiff and other Class Members have unwittingly exposed themselves and their minor children to TDCPP.

49.   At all material times, the G2 Car Seats were utilized for their intended purpose and consistent with the instructions provided by Defendants.

50.   Neither Orbit nor Ergo warned Plaintiff or other Class Members regarding the presence of TDCPP within the G2 Car Seats or that it permits exposure of infants

-7-

Class Action Complaint
Case No: 2:16-cv-8849

1    and children using the Car Seats to TDCPP, or the possibility for adverse health

2    consequences resulting from the presence of TDCPP.

3    <u>**CLASS ALLEGATIONS**</u>

4    51.    Plaintiff brings this action on his own behalf, and on behalf of a nationwide

5    class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3).

6    <u>**Nationwide Class:**</u>
     All persons or entities in the United States who are current or
7    former owners of a G2 Car Seat.

8    52.    In the alternative to the Nationwide Class, and pursuant to Federal Rules of

9    Civil Procedure, Rule 23(c)(5), Plaintiff seeks to represent the following state class only

10   in the event that the Court declines to certify the Nationwide Class above.  Specifically,

11   the state class consists of the following:

12   <u>**California Class:**</u>
     All persons or entities in California who are current or former
13   owners of a G2 Car Seat for primarily personal, family or
     household purposes, as defined by California Civil Code
14   section 1791(a).

15   53.    Together, the California Class and the Nationwide Class shall be

16   collectively referred to herein as the "Class."  Excluded from the Class are Orbit, Ergo,

17   their affiliates, employees, officers and directors, and the Judge(s) assigned to this case.

18   Plaintiff reserves the right to modify, change, or expand the Class definitions based on

19   discovery and further investigation.

20   54.    <u>Numerosity</u>:  Upon information and belief, the Class is so numerous that

21   joinder of all members is impracticable.  While the exact number and identities of

22   individual members of the Class are unknown at this time, such information being in the

23   sole possession of Defendants and obtainable by Plaintiff only through the discovery

24   process, Plaintiff believes, and on that basis alleges, that thousands of G2 Car Seats

25   have been sold in each of the States that are the subject of the Class.

26   55.    <u>Existence and Predominance of Common Questions of Fact and Law:</u>

27   Common questions of law and fact exist as to all members of the Class.  These

28   questions predominate over the questions affecting individual Class Members.  These

-8-

common legal and factual questions include, but are not limited to, whether:

    a.    The G2 Car Seats contain material levels of TDCPP;

    b.    Defendants knew of the presence of TDCPP but failed to disclose this and its consequences to its customers;

    c.    A reasonable consumer would consider the presence of TDCPP or its consequences to be material;

    d.    Defendants should be required to disclose the existence of TDCPP to Plaintiff and the Class; and

    e.    Defendants' conduct violates the California Legal Remedies Act, California Unfair Competition Law, and the other statutes asserted herein.

56.   <u>Typicality</u>:  All of Plaintiff's claims are typical of the claims of the Class since Plaintiff purchased a G2 Car Seat containing TDCPP, as did each member of the Class.  Furthermore, Plaintiff and all members of the Class sustained monetary and economic injuries including, but not limited to, ascertainable losses arising out of Defendants' wrongful conduct.  Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class Members.

57.   <u>Adequacy</u>:  Plaintiff is an adequate representative because his interests do not conflict with the interests of the Class that he seeks to represent, he has retained counsel competent and highly experienced in complex class action litigation, and he intends to prosecute this action vigorously.  The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

58.   <u>Superiority</u>:  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Members of the Class.  The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for Members of the Class individually to redress effectively the wrongs done to them.  Even if the Class

Members could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Defendants' product registration records, warranty claims and database of complaints.

59. Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA'S

### CONSUMER LEGAL REMEDIES ACT ("CLRA")

#### (Cal. Civ. Code § 1750, *et seq.*)

**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

60. Plaintiff Price and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

61. Plaintiff Price brings this claim on behalf of himself and on behalf of the Members of the Class against Defendants Orbit and Ergo.

62. Defendants Orbit and Ergo are "persons" as that term is defined in California Civil Code section 1761(c).

63. Plaintiff and the Class are "consumers" as that term is defined in California Civil Code section 1761(d).

64. Defendants engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from

-10-

Plaintiff Price and Class Members that the G2 Car Seats contain material levels of TDCPP (and the costs, risks, and diminished value of the Car Seats as a result of this). These acts and practices violate, at a minimum, the following sections of the CLRA:

> (a)(2) Misrepresenting the source, sponsorship, approval or certification of goods or services;

> (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;

> (a)(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

> (a)(9) Advertising goods and services with the intent not to sell them as advertised.

65. Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business, were capable of deceiving a substantial portion of the purchasing public, and imposed a serious safety risk on the public.

66. Defendants knew that the G2 Car Seats were designed or manufactured with material levels of TDCPP and were not suitable for their intended use.

67. Defendants were under a duty to Plaintiff and the Class Members to disclose the true nature of the G2 Car Seats because:

> a. Defendants were in a superior position to know the true state of facts about the presence of TDCPP and risk of harm associated with the presence of TDCPP within the Car Seats;

> b. Plaintiff and the Class Members could not reasonably have been expected to learn or discover the presence of TDCPP in the Car Seats;

> c. Defendants knew that Plaintiff and the Class Members could not reasonably have been expected to learn or discover the presence of TDCPP in the Car Seats; and

> d. Defendants actively concealed the presence of TDCPP by denying the presence of TDCPP within the Car Seats.

68. In failing to disclose the presence of TDCPP and the associated safety risks

-11-

Class Action Complaint
Case No: 2:16-cv-8849

that result from it, Defendants have knowingly and intentionally concealed material facts and breached their duty not to do so.

69.   The facts concealed or not disclosed by Defendants to Plaintiff and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase a Car Seat or pay a lesser price.  Had Plaintiff and the Class known about the true nature of the Car Seats, they would not have purchased the Car Seats or would have paid less for them.

70.   Plaintiff has provided Defendants with notice of its violations of the CLRA pursuant to California Civil Code section 1782(a).

71.   Plaintiff's and the other Class Members' injuries were proximately caused by Defendants' fraudulent and deceptive business practices.

72.    Plaintiffs seek restitution and injunctive relief pursuant to California Civil Code section 1780.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE
### (Cal. Bus. & Prof. Code § 17200)
### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

73.   Plaintiff Price and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

74.   Plaintiff brings this claim on behalf of himself and on behalf of the Members of the Class against Defendants, Orbit and Ergo.

75.   The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.

76.   Defendants have engaged in unfair competition and unfair, unlawful, or

-12-

fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiff and the Class Members that the G2 Car Seats contain material levels of TDCPP (and the costs, safety risks, and diminished value of the Car Seats as a result of the presence of TDCPP). Defendants should have disclosed this information because they were in a superior position to know the true facts related to the levels of TDCPP, and Plaintiff and Class Members could not reasonably be expected to learn or discover the true facts related to the TDCPP levels in the Car Seats.

77.    The presence of material levels of a known carcinogen within the G2 Car Seats constitutes a health and safety issue that triggered Defendants' duty to disclose the presence of TDCPP to consumers.

78.    These acts and practices have deceived Plaintiff and are likely to deceive the public.  In failing to disclose the presence of TDCPP and suppressing other material facts from Plaintiff and the Class Members, Defendants breached their duties to disclose these facts, violated the UCL, and caused injuries to Plaintiff and the Class Members. The omissions and acts of concealment by Defendants pertained to information that was material to Plaintiff and the Class Members, as it would have been to all reasonable consumers.

79.    The injuries suffered by Plaintiff and the Class Members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff and the Class Members should have reasonably avoided.

80.    Defendants' acts and practices are unlawful because they violate California Civil Code sections 1668, 1709, 1710, and 1750 *et seq.*, and California Commercial Code section 2313.

81.    Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendants, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code section 17200.

-13-

Class Action Complaint
Case No: 2:16-cv-8849

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW**

**(Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

82.   Plaintiff Price and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

83.   Plaintiff brings this claim on behalf of himself and on behalf of the Members of the Class against Defendants Orbit and Ergo.

84.   California Business & Professions Code section 17500 states:  "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

85.   Defendants caused to be made or disseminated through California and the United States, through advertising, marketing, and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue and misleading to consumers, including Plaintiff and the other Class Members.

86.   Defendants have violated section 17500 because the misrepresentations and omissions regarding the safety of the G2 Car Seats, as set forth in this Complaint, were material and likely to deceive a reasonable consumer.

87.   Plaintiff and the other Class Members have suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful, and/or deceptive practices.  In purchasing the G2 Car Seats, Plaintiff and the other Class Members relied on the misrepresentations and/or omissions of Defendants with respect

-14-

to the safety of the Car Seats.  Defendants' representations were untrue because the Car Seats were distributed with material levels of TDCPP, a harmful chemical and known carcinogen.  Had Plaintiff and the other Class Members known this, they would not have purchased the G2 Car Seats and/or paid as much for them.  Accordingly, Plaintiff and the other Class Members overpaid for their Car Seats and did not receive the benefit of their bargain.

88.    All of the wrongful conduct alleged herein occurred in the conduct of Defendants' business.

89.    Plaintiff, individually and on behalf of the other Class Members, requests that this Court enter such orders or judgments as may be necessary to enjoin Defendants from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and the other Class Members any money Defendants acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

## **FOURTH CAUSE OF ACTION**
### **BREACH OF IMPLIED WARRANTY**
**(On Behalf of the Nationwide Class or, Alternatively, the California Class)**

90.    Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

91.    Plaintiff brings this cause of action on behalf of himself and the Class against Defendants Orbit and Ergo.

92.    Defendants were at all relevant times the manufacturers, distributors, warrantors, and/or sellers of the G2 Car Seats.  Defendants knew or had reason to know of the specific use for which the Car Seats were purchased.

93.    Defendants provided Plaintiff and the other Class Members with an implied warranty that the G2 Car Seats were merchantable and fit for the ordinary purposes for which they were sold.  However, the Car Seats were not fit for their ordinary purpose of

-15-

providing a safe and healthy means of securing infants and toddlers at the time of sale or thereafter because, *inter alia*, the Car Seats contained material levels of TDCPP, a chemical known to be harmful to infants and toddlers.  Therefore, the Car Seats are not fit for their particular purpose of providing a safe and reliable means of securing infants and toddlers.

94.   Defendants impliedly warranted that the G2 Car Seats were of merchantable quality and fit for such use.  This implied warranty included, among other things: (i) a warranty that Car Seats did not contain any detectible limit of harmful flame-retardant chemicals, and (ii) the G2 Car Seats supplied, distributed, and/or sold by Defendants were safe and reliable for securing infants and toddlers.

95.   Contrary to the applicable implied warranties, the G2 Car Seats, at the time of sale and thereafter, were not fit for their ordinary and intended purpose.  Instead, the Car Seats were designed and/or manufactured with material levels of TDCPP present.

96.   Defendants' actions, as complained of herein, breached the implied warranty that the Car Seats were of merchantable quality and fit for such use.

## FIFTH CAUSE OF ACTION

## COMMON LAW FRAUD

### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

97.   Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

98.   Plaintiff brings this cause of action on behalf of himself and the Class against Defendants Orbit and Ergo.

99.   Defendants made material omissions concerning a presently existing or past fact.  Specifically, Defendants indicated that the G2 Car Seat contained "below detection limits" of "dangerous flame-retardant chemicals" despite the fact that the Car Seats contained material levels of TDCPP, a flame-retardant chemical that is a known carcinogen.

100.  As set forth above, Defendants had actual notice that the G2 Car Seat had

-16-

detectable levels of TDCPP at least as early as November 28, 2014 when the State of California issued a notice of violation of Proposition 65 related to the presence of TDCPP within the G2 Car Seats.  Defendants received further actual notice when the State of California issued a second notice of violation of Proposition 65, on February 26, 2016, again related to the to the presence of TDCPP within the G2 Car Seats.

101.  Notwithstanding this knowledge, Defendants continued to sell the G2 Car Seats to consumers, and to Plaintiff, without disclosing the presence of the TDCPP.

102.  As a result, Plaintiff and the other Class Members were fraudulently induced to purchase the Car Seats with the material levels of TDCPP present and the resultant health concerns.

103.  These omissions were made by Defendants with knowledge of their falsity, and with the intent that Plaintiff and the Class Members rely on them.

104.  Plaintiff and the Class Members reasonably relied on these omissions, and suffered damages as a result.

### SIXTH CAUSE OF ACTION

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

105.  Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

106.  Plaintiff brings this cause of action on behalf of himself and the Class against Defendants.

107.  All contracts in California contain an implied covenant of good faith and fair dealing.  The implied covenant of good faith and fair dealing is an independent duty and may be breached even if there is no breach of a contract's express terms.

108.  Defendants breached the covenant of good faith and fair dealing by, *inter alia*, misrepresenting the nature and type of harmful flame-retardant chemicals contained within the G2 Car Seats, and failing to fully and properly provide the Car Seats without material levels of TDCPP within the Car Seats.

-17-

Class Action Complaint
Case No: 2:16-cv-8849

109.  Defendants acted in bad faith and/or with a malicious motive to deny Plaintiff and the Class Members some benefit of the bargain originally intended by the parties, thereby causing them injuries in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE SONG-BEVERLY ACT

### BREACH OF IMPLIED WARRANTY

### (Cal. Civ. Code §§ 1792, 1791.1, *et seq.*)

### (On Behalf of the Nationwide Class or, Alternatively, the California Class)

110.  Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

111.  Plaintiff brings this cause of action on behalf of himself and the Class against Defendants.

112.  At all relevant times hereto, Defendants were the manufacturers, distributors, warrantors, and/or sellers of the G2 Car Seats.  Defendants knew or should have known of the specific use for which the Car Seats were purchased.

113.  Defendants provided Plaintiff and the Class Members with an implied warranty that the G2 Car Seats, and any parts thereof, were merchantable and fit for the ordinary purposes for which they were sold.  The Car Seats, however, are not fit for their ordinary purpose because, *inter alia*, the Car Seats contain a harmful flame-retardant chemical that poses a health and safety risk to the infants and children for which the Car Seats are intended to be used.

114.  The Car Seats are not fit for the purpose of safely securing children because of the presence of TDCPP.

115.  Defendants impliedly warranted that the Car Seats were of merchantable quality and fit for such use.  This implied warranty included, *inter alia*, the following: (i) a warranty that the Car Seats were manufactured, supplied, distributed, and/or sold by Defendants were safe and reliable for securing children, and do not contain chemicals that are harmful to children; and (ii) a warranty that the Car Seats would be

-18-

1    fit for their intended use.

2        116.  Contrary to the applicable implied warranties, the G2 Car Seats at the time

3    of sale and thereafter were not fit for their ordinary and intended purpose.  Instead, the

4    Car Seats contain material levels of TDCPP.

5        117.  Defendants' actions, as complained of herein, breached the implied

6    warranty that the Class Vehicles were of merchantable quality and fit for such use in

7    violation of California Civil Code sections 1792 and 1791.1.

8                            **<u>PRAYER FOR RELIEF</u>**

9        WHEREFORE, Plaintiff, on behalf of himself and Members of the Class,

10   respectfully requests that this Court:

11       A.    determine that the claims alleged herein may be maintained as a class action

12   under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one

13   or more Classes as defined above;

14       B.    appoint Plaintiff as the representative of the Class and his counsel as Class

15   counsel;

16       C.    award all actual, general, special, incidental, statutory, punitive, and

17   consequential damages and restitution to which Plaintiff and the Class are entitled

18   (though such damages are not currently sought under the CLRA claim);

19       D.    award pre-judgment and post-judgment interest on such monetary relief;

20       E.    grant appropriate injunctive and/or declaratory relief, including, without

21   limitation, an order that requires Defendants to recall and/or replace the G2 Car Seats and

22   to extend the applicable warranties to a reasonable period of time, or, at a minimum, to

23   provide Plaintiff and Class Members with appropriate curative notice regarding the

24   existence and cause of the TDCPP levels;

25   //

26   //

27   //

28   //

                                  -19-

Class Action Complaint
Case No: 2:16-cv-8849

F.      award reasonable attorneys' fees and costs; and

G.      grant such further relief that this Court deems appropriate.

Dated:  November 30, 2016                    Respectfully submitted,

**MCCUNE WRIGHT AREVALO, LLP**

By:   */s/ Richard D. McCune*
Richard D. McCune
David C. Wright
**3281 EAST GUASTI RD., SUITE 100**
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557-1275
Email: rdm@mccunewright.com
         dcw@mccunewright.com


Joseph G. Sauder
Matthew D. Schelkopf[*]
Joseph B. Kenney
**MCCUNEWRIGHT LLP**
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0339
Facsimile:  (610) 717-3426
Email: jgs@mccunewright.com
         mds@mccunewright.com
         jbk@mccunewright.com

*Pro Hac Vice Applications to be Submitted*

Attorneys for Plaintiff and Putative Class

-20-

Class Action Complaint
Case No: 2:16-cv-8849

**JURY DEMAND**

Plaintiff, on behalf of himself and the putative Class, demands a trial by jury on all issues so triable.

Dated:  November 30, 2016                    MCCUNEWRIGHT LLP

                                    By:   /s/ Richard D. McCune
                                          Richard D. McCune
                                          Attorneys for Plaintiff and Putative Class

-21-